Gkaiiam, Judge,
delivered the opinion of the court:
Broadly speaking, there are but two questions involved herein. The first question is whether the stone was property of the plaintiff or the Government under the contract. The case is for all present purposes on this point ruled by case of Illinois Central R. R. Co. v. United States, 57 C. Cl. 277. The other question is that of setting aside settlements already had between the plaintiff and the defendant. The passengers transported were troops of the United States. The material was the property of the United States. The bills were made out for freight and passenger service by the plaintiff, presented to the disbursement officer and Auditor for the War Department for payment Avith the claim for only net land grant rates; that is, for the difference between the regular commercial rates and the land grant deductions. Payments were made by the defendant to the plaintiff upon the basis of bills presented and payments Avere accepted without protest or appeal to the Comptroller of the Treasury.
This phase of the case is controlled by the cases of Baltimore & Ohio R. R. Co. v. United States, 52 C. Cls. 468; Oregon-Washington R. & N. Co. v. United States, 54 C. Cl. 131; 225 U. S. 339; Southern Pacific Co., ante, p. 36; *216 Western Pacific Railroad Co., ante, p. 67; and. Northern Pacific Radltoay Co., ante, p. 122.
The petition should be dismissed, and it is so ordered.
Hat, Judge; Doavney, Judge; Booth, Judge; and Campbell, OMef Justice, concur.
MEMORANDUM BY THE COURT
(On plaintiff’s motion to amend findings and for a neAY trial)
Finding III is amended as requested by plaintiff except for some tranposition of phraseology.
Finding VI is amended to read as requested by plaintiff.
As to Finding VII it is requested that the last paragraph be stricken out and a submitted paragraph' inserted in lieu thereof.
This involves, in the main, a change in finding as to the toal amount of land-grant deduction. The amount as stated originally was the amount shown by plaintiff’s new Exhibit A, as accruing over plaintiff’s lines and was so stated upon the theory that it was only such deductions which were within the scope of the petition. There ivas some transportation involving other lines and Ave have amended this finding to include this also in the total, stating in connection therewith the portion accruing OA^er plaintiff’s lines alone. The finding as amended states the amount appearing in plaintiff’s new Exhibit A, but does not state it as noAv requested by plaintiff. Plaintiff submits nothing with its request in support thereof and the amount now asked to be found does not correspond with that asserted in the petition or in the- original requests for findings. The rule requiring a reference to the parts of the record supporting the requested finding has not been complied Avitli.
The requested substituted paragraph concludes Avith the statement that “ All of the shipments covered by said bill occurred before June 30, 1910.” We do not understand the reference and since it is apparent that by that requested finding the plaintiff AA^ould be barred under the six-year statute as to all service within its scope, we assume it to be an inadvertence and have not included it.
With reference to Finding VIII, there is no. objection made to any part of the finding as made but it is requested *217 that a submitted paragraph be added. Compliance with this request would result in inconsistency in the finding as amended, and again, the request is not supported. We have modified this finding by eliminating the last paragraph which dealt with amounts, and adding a paragraph now appearing as the last paragraph to that finding, which is an exact quotation of the language of one of plaintiff’s witnesses who at the time involved was its assistant auditor of passenger traffic and which, under applicable authorities cited, seems determinative of the question involved to such an extent that the determination of controverted amounts seems immaterial.
Plaintiff further requests an additional Finding X, but this requested finding is not supported by the record. Upon the subject involved we have added Finding X stated as the transaction appears from the record.
Upon the merits of the case, involved in plaintiff’s motion for a new trial, it is to be noted that in plaintiff's original brief it was said that u the case is that which is presented in the Illinois Central Railroad Co., No. 33955,” and that the £‘ common question ” is the ownership while in transit of the commodities involved. This is entirely true and this case, in so far as the stone transportation is concerned, was determined on the authority of that case as decided by this court. The question is now foreclosed by the affirmance of that case by the Supreme Court, May 26. 1924, 265 U. S. 209.
Plaintiff contends that there is one distinguishing feature in this case and that in connection with the settlement for the confiscated stone referred to in Finding X it was said by the Government’s engineer officer that the Government had no concern in the matter and that plaintiff should deal with the quarry'man who had furnished the stone, construed by plaintiff as an interpretation by the Government’s representative that the stone when taken, in transit, was still the property of the stone contractor and not of the Government, but, unfortunately for the contention, the requested finding upon which the contention is based is, as stated above, wholly at variance with the record. The facts are stated in Finding X. The showing in the record of the payment to one Cammack by the plaintiff of a bill for stone furnished *218 does not aid the contention. So far as disclosed by the record Cammack was not one of those having contracts with the Government for the furnishing of this stone, but aside from that, the payment of such a bill is entirely consistent with the finding that the plaintiff replaced the confiscated stone in kind, to do which it probably had to buy stone for which it presumably paid. This case has been correctly determined upon the conclusion that the stone in transit was the property of the Government. If not, it would be pertinent to inquire as to the liability of the Government, under plaintiff’s theory, to pay for the transportation of, another’s property.
The plaintiff’s motion to amend findings is sustained in part and overruled in part, the former findings are withdrawn and amended findings are filed in lieu thereof, the former judgment and opinion to stand. The motion for a new trial is overruled.